[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO OPEN DEFAULT
This is an action for money damages, double or treble damages under Section 14-295, General Statutes, and for other equitable relief. The plaintiff, Sean Ryan, alleges in his complaint that the defendant Kevin Bird caused an automobile collision with the plaintiff's vehicle which resulted in the plaintiff's injuries, damages and losses. At all times in CT Page 8206 the complaint, the plaintiff refers to conduct of the defendant Bird in the operation of "his" vehicle.
The defendant Bird filed a pro se appearance in this action and was subsequently defaulted for failure to plead on January 21, 1999.
Subsequent to the obtaining the default, the plaintiff filed with the court, and certified to Bird, several pleadings including a motion for order of compliance which was granted by the court (Leheny, J.) on April 5, 1999.
On July 26, 1999 the court (Holzberg, J.) granted a motion to cite in an additional defendant, Candace Kretz. That motion was certified by the plaintiff as having been delivered to the defendant Bird.
On July 28, 1999 the plaintiff caused a writ of summons and amended complaint to be served on the defendant Candace Kretz. Those pleadings were also certified as mailed to the defendant Bird.
The relevant portions of the amended complaint include allegations that at the time of the collision Bird was operating a car actually owned by Kretz. This fact was previously unknown to the plaintiff. If he is to be believed, the plaintiff did not have that information because Bird either lied about it or failed to disclose it in answers to interrogatories — or both.
Bird filed the instant motion to open the default which this court initially denied on December 23, 1999.
Bird filed a motion to reargue. The court vacated the order of default on April 25, 2000 and assigned the matter for oral argument.
Having now heard the arguments of counsel regarding the motion to open the default, the court makes the following findings and orders.
The motion to default Bird was proper when granted. However, there was no procedural bar to his motion to open that default.
No final judgment or other dispositive ruling entered against the defendant Bird since the date of default.
The plaintiff elected to amend his complaint and cite in Kretz as "an additional party defendant" in this action.
The defendant Bird maintains that notwithstanding his default status, there is no procedural reason why he cannot or should not be allowed to CT Page 8207 have his default reopened and to file a responsive pleading to the amended complaint.
The chronology of the pleadings gives every indication that the plaintiff recognized Bird as a viable party defendant whose presence in the action was essential to its ultimate and eventual disposition. The default against Bird was never deemed to be dispositive of his status a party by the plaintiff or by the court.
While fully appreciative of the reasons why the plaintiff maintains that Bird should not be allowed at this time to be recognized as a viable party to this action — particularly if his failure to plead or his misrepresentations of the true facts contributed to the delay, additional expense or affront to the court — the court must recognize the right of Kretz to proceed in this action unencumbered by a default of a co-defendant which could be imputed to her as the owner of the vehicle in question.
The plaintiff would have the default against Bird stand and a judgment against him enter — which could be imputed to the defendant Kretz. The plaintiff also cites the delay caused by Bird and the added difficulty it now causes the plaintiff's case.
Despite all of the equitable reasons why the default of Bird might be maintained by the court, the case should be tried on the merits. The defendant Kretz has a right to defend the allegations without the albatross of a co-defendant's default around her neck.
For the foregoing reasons, the defendant Bird's motion to open judgment is granted. And the defendants are ordered to strictly comply with all practice rule time requirements or be subject to default with prejudice.
 By the Court, Joseph W. Doherty, Judge